J-S54034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID W. ECKLUND | |
| Appellant | No. 163 MDA 2014 |

Appeal from the Judgment of Sentence entered October 28, 2013
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0002549-2008

BEFORE:  LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 10, 2014**

Appellant David W. Ecklund appeals the Court of Common Pleas of Lackawanna County's (trial court) October 28, 2013, judgment of sentence imposed following the revocation of his sentence of state intermediate punishment (SIP) under the Prisons and Parole Code.[1]  Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  For the reasons set forth below, we affirm and grant the petition to withdraw.

The facts underlying this appeal are undisputed.  As recounted by the trial court:

---

[1] Act of August 11, 2009, P.L. 147, No. 33, 61 Pa.C.S.A. §§ 4101-4108.

On December 10, 2008, [Appellant] pled guilty to [p]ossession with [i]ntent to [d]eliver [(PWID)] [(cocaine)], 35 Pa.C.S.A. § 780-113(a)(30) docketed to 08 CR 2549. Thereafter, on March 30, 2009 [Appellant] was sentenced to fourteen (14) months to thirty-six (36) months state incarceration plus two (2) years of special probation. On September 11, 2011, [Appellant] began serving his probationary term. One month later, [Appellant] absconded from supervision. In response, [the trial court] issued a warrant for [Appellant's] arrest on November 14, 2011. In violation of his probation, [Appellant] admitted that he was residing in New York with his parents instead of residing at his approved residence with his uncle in Hazleton, Pennsylvania.

Subsequently on March 14, 2012, [Appellant] was charged with the following offenses: [p]ossession of Marijuana, 35 Pa.C.S.A. § 780-113(a)(31); [u]se/[p]ossession of [d]rug [p]araphernalia, 35 Pa.C.S.A § 780-113(a)(32); and [p]ublic [d]runkenness, 18 Pa.C.S.A. § 5505, docketed to 12 CR 633. On April 11, 2012, [Appellant] pled guilty to [p]ublic [d]runkeness. . . . On that same date, a **Gagnon II**[2] hearing was held regarding 08 CR 254[9]. During the hearing, [Appellant] was found in violation of his probation and a . . . SIP[] sentence was recommended. Because [Appellant] indicated an ignorance of the SIP program, [the trial court] revoked [Appellant's] probation and deferred sentence to provide [Appellant] with meaningful consideration of the program. On May 22, 2012, [Appellant] indicated an unwillingness to be evaluated for the SIP program and sentence was imposed. On [docket number] 08 CR 2549, [Appellant] was sentenced to a term of three (3) to six (6) years state incarceration. On [docket number] 12 CR 633, [Appellant] was sentenced to a consecutive forty-five (45) to ninety (90) days['] incarceration. [Appellant] received [recidivism risk reduction incentive (RRRI)] eligibility and was given credit for time served from March 4, 2012.

On July 31, 2012, after granting [Appellant']s [m]otion for [r]econsideration, [the trial court] vacated [Appellant's] sentence and ordered him to be evaluated for the SIP program. [Appellant] was admitted to the SIP program on October 23, 2012 and was sentenced to two (2) years in the SIP program followed by four (4) years['] probation on [docket number] 08 CR 2549 and a $300 fine on [docket number] 12 CR 633. A year later on October 28, 2013, [Appellant] was expelled from the SIP program for his lack of meaningful participation in the program including multiple misconducts, program violations, possessing contraband, cashing paychecks, presence in unauthorized areas, failing to attend mandatory meetings, and lying to employees. Accordingly, [Appellant] was sentenced to three and one half (3

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

½) years to seven (7) years of state incarceration on [docket number] 08 CR 2549. On [docket number] 12 CR 633, [Appellant] was sentenced to a consecutive forty-five (45) to ninety (90) day[s'] incarceration.

[Appellant] filed an [amended] [m]otion for [r]econsideration on November 11, 2013[3] and a hearing was held on December 5, 2013. At the time of the hearing, [Appellant] sought two (2) types of relief. Specifically, [Appellant] requested reconsideration of sentence, and RRRI eligibility. At the time of the hearing, [the trial court] acknowledged that the forty-five (45) [to] ninety (90) day sentenced [sic] imposed on [docket number] 12 CR 633 should be vacated based upon the previously imposed fine of $300.00, which was imposed on October 23, 2012. Nevertheless, [the trial court] did not find that [Appellant's] numerous misconducts warranted reconsideration. [The trial court] stated:

> in regard to his violations, though, it wasn't simply for DATS [(drug and alcohol treatment services)]. In fact, it says here he was discharged for receiving numerous previous infractions. Besides failing to attend [or] manage treatment groups, he's possessing contraband and lying to employees, cashing paychecks, presence in unauthorized areas and violating conditions. So it wasn't something with DATS. Further, he failed to progress in the program despite multiple therapeutic interventions and therefore—so [the trial court] will deny the other part of the reconsideration.

([N.T. Reconsideration Hearing, 12/5/13 at 3-4]).

Accordingly, on January 13, 2014, [the trial court] denied [Appellant's] [r]econsideration of [s]entence in part and then vacated [Appellant's] sentence on [docket number] 12 CR 633. [The trial court] granted eligibility for motivational boot camp. Rather than impose RRRI eligibility, [the trial court] found that the motivational boot camp program was more consistent with [Appellant's] individual rehabilitative needs. [The trial court] further instructed that all previous conditions of [Appellant's] sentence remain in effect. On January 14, 2014, Appellant filed a timely [n]otice of [a]ppeal to the Pennsylvania Superior Court.

Trial Court Opinion, 5/2/14, at 1-3. Following Appellant's filing of a

Pa.R.A.P. 1925(b) statement of errors complained of on appeal, in which he

---

[3] The docket indicates that Appellant filed the amended motion for reconsideration on November 4, 2013.

challenged the discretionary aspects of the sentence imposed, the trial court issued a Pa.R.A.P. 1925(a) opinion. In its opinion, the trial court concluded that it did not abuse its discretion in sentencing Appellant to three-and-one-half to seven years' incarceration. Trial Court Opinion, 5/2/14, at 7-12. Specifically, the trial court determined that, contrary to Appellant's claim, the sentence imposed was not excessive because it fell within the statutory maximum. *Id.* at 11. The court noted that it duly considered all appropriate factors and the record supports its reasons for the sentence imposed. *Id.*

On April 29, 2014, Appellant's counsel filed a motion to withdraw as counsel and filed an *Anders* brief, wherein counsel raises a single issue for our review: "Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion?" *Anders*/*Santiago* Brief at 4.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the

court's attention. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that she was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and her *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

We next must determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*, wherein our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that she has complied with the briefing requirements of *Santiago*. We, therefore, conclude that counsel has satisfied the minimum requirements of *Anders*/*Santiago*.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant essentially argues that the trial court abused its discretion in sentencing him to three-and-one-half to seven years' imprisonment for PWID under 35 Pa.C.S.A. § 780-113(a)(30) following the revocation of his SIP sentence.[4]

It is now well-settled that an appellant may challenge the discretionary aspects of a revocation sentence before this Court. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) ("To eliminate the discord between what we seem to say and what we do, we unequivocally hold that this Court's scope of review in an appeal from a revocation sentencing

---

[4] The SIP program was created to "punish persons who commit crimes, but also provides treatment that offers the opportunity for those persons to address their drug or alcohol addiction or abuse and thereby reduce the incidents of recidivism and enhance public safety." 61 Pa.C.S.A. § 4102. Further, the program was "designed to address the individually assessed drug and alcohol abuse and addition needs of a participant and shall address other issues essential to the participant's successful reintegration into the community, including, but not limited to, educational and employment issues." 61 Pa.C.S.A. § 4105. Here, as noted above, Appellant challenges only the sentence imposed after the revocation of his SIP sentence, and not the revocation of the SIP sentence itself.

includes discretionary sentencing challenges."). The standard of review for a claim challenging the discretionary aspects of a sentence is settled:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009). Trial judges enjoy broad discretion in sentencing, because they are in the best position to determine the proper penalty for an offense based on an evaluation of the individual circumstances of that offense. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

It also is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal

> defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).   Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis.   **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part **Moury** test.   Appellant filed a timely appeal to this Court,[5] preserved

_____

[5] Appellant was able to satisfy the first (timeliness) requirement of the **Moury** test only because of a breakdown in the trial court's operation.  Here, the trial court improperly informed Appellant that he had the right to file a written post-sentence motion under Pa.R.Crim.P. 720 and that the filing of such motion would toll the thirty-day appeal period.  **See** N.T. Revocation Hearing, 10/28/13, at 7.  As a result, Appellant appealed to this Court on January 14, 2014, a day after the trial court denied his post-sentence motion titled "amended motion for reconsideration of sentence."  Contrary to the information the trial court provided to Appellant, however, Pennsylvania Rule of Criminal Procedure 708 governs the disposition of a motion to modify a sentence imposed after a revocation hearing.  Specifically, Rule 708 provides in pertinent part that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition.  The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E); **see also** Pa.R.Crim.P. 720 *Comment* ("The disposition of a motion to modify a sentence imposed after a revocation hearing is governed by Rule 708.").  Thus, under Rule 708, which does not toll the thirty-day appeal period, Appellant had thirty days from the October 28, 2013, judgment of sentence to appeal to this Court.   Even though Appellant's appeal filed on January 14, 2014, is facially untimely under Rule 708, we will excuse the untimeliness because of the trial court's misstatement of the post-sentencing process.  **See Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (We declined to "quash this appeal because [the appellant's] error resulted from the trial court's

*(Footnote Continued Next Page)*

the issue on appeal through his motion to modify sentence, and included a Pa.R.A.P. 2119(f) statement in his brief.[6]  Thus, we must determine only if Appellant's sentencing issue raises a substantial question.

We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009).  This Court does not accept bald assertions of sentencing errors.  *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006).  When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits."  *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)).  A Rule 2119(f) statement is inadequate when it "contains incantations of

(Footnote Continued) _____

misstatement of the appeal period, which operated as a 'breakdown in the court's operation.'").

[6] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).

statutory provisions and pronouncements of conclusions of law[.]" ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement "given the nature of the violation, the sentence was excessive." ***Anders***/***Santiago*** Brief at 13. Specifically, he argues "the lower court imposed a more severe sentence not due to any egregious facts surrounding the commission of the crime or the particular need to protect the community, but rather imposed its sentence as a punishment for his failure to complete the SIP program." ***Id.***

Based on Appellant's 2119(f) statement, we conclude that he has raised a substantial question. ***See Commonwealth v. Simmons***, 56 A.3d 1280, 1286 (Pa. Super. 2012) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."); ***accord Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011); ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006). As such, we address the merits of Appellant's sentencing claim.

As noted earlier, we review any challenge to the trial court's discretionary aspects of sentencing under an abuse of discretion standard. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013), ***appeal denied***, 91 A.3d 161 (Pa. 2014). The Sentencing Code, quoted here in relevant part, governs our review:

**§ 9781.  Appellate Review of Sentence.**

(d) Review of record.--In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

42 Pa.C.S.A. § 9781(d)(1-3).[7]

A sentence may be found unreasonable if it fails to properly account for these . . . statutory factors.  A sentence may also be found unreasonable if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing [under 42 Pa.C.S.A. § 9721(b)].  These general standards mandate that a sentencing court impose a sentence consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

***Sheller***, 961 A.2d at 191 (internal citation and quotation marks omitted).

Instantly, it is undisputed that the trial court imposed upon Appellant a sentence of three-and-one-half to seven years' imprisonment, which fell well within the statutory maximum.  ***See*** 35 Pa.C.S.A. § 780-113(f)(1.1) (imprisonment sentence not to exceed ten years).  Thus, the essential issue we must resolve is whether the sentence imposed is reasonable.  In this

---

[7] The sentencing guidelines do not apply to sentences imposed because of intermediate punishment revocation.  ***See Commonwealth v. Philipp***, 709 A.2d 920, 921-22 (Pa. Super. 1998); ***see also*** 204 Pa. Code § 303.1(b) ("The sentencing guidelines do not apply to sentences imposed as a result of . . . intermediate punishment.").  Therefore, to the extent Appellant argues that his sentence fell outside of the sentencing guidelines, we reject such argument.

regard, we consider the above-mentioned three Section 9781(d) factors. *See Sheller*, 961 A.2d at 190-91.

First, the trial court had the benefit of a presentence investigation (PSI) report, which indicates that the trial court was aware of Appellant's character and circumstances, and weighed those considerations in imposing the sentence. *See Moury*, 992 A.2d at 171 ("Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (internal citation omitted).

Second, as the trial court judge explained, he was familiar with Appellant. Specifically, the judge noted:

> [The trial court] became familiar with [Appellant] through imposition of [Appellant's] original sentence on March 30, 2009, [Appellant's] revocation of probation and sentence on May 22, 2012, [Appellant's] SIP sentence on October 23, 2012, the subsequent expulsion and sentencing on October 28, 2013, and [Appellant's] reconsideration of sentence on December 5, 2013. Throughout [the trial court's] numerous interactions with [Appellant], [the court] repeatedly revisited [Appellant's] file and referenced knowledge of the facts of the crime and the character of the offender[.]

Trial Court Opinion, 5/2/14, at 7. Lastly, based on our review of the entire record, we conclude that the trial court satisfied the remaining Section 9781(d) factor (findings). The trial court's findings of fact were supported by record evidence. Accordingly, we conclude the trial court did not abuse its discretion in sentencing Appellant to three-and-one-half to seven years' imprisonment and that the sentence imposed was not unreasonable.

Next, to the extent Appellant argues that the trial court imposed an unreasonable sentence because it sought to punish him for his failure to complete the SIP sentence, we dismiss such argument as baseless.[8]  Aside from the fact that Appellant fails to point to any evidence of record to substantiate this claim, we note the trial court was unambiguous in its reasons for imposing the sentence.  The trial court stated that it fashioned the sentence imposed with an eye toward the need to protect the public and the gravity of the offense in relation to the impact on the community.[9]  **See** **id.** at 9.  Moreover, under the Sentencing Code, the trial court had the same sentencing alternatives available to the court at sentencing following the revocation of the SIP sentence as the alternatives available at the time of initial sentencing.  **See** 42 Pa.C.S.A. § 9774(c) ("Upon revocation of a [SIP]

---

[8] Appellant does not allege that the trial court failed to consider his rehabilitative needs under Section 9721(b).  In fact, in light of the above recitation of the facts in this case, we do not fault him for this decision.  As the record indicates, Appellant failed to avail himself of the many rehabilitative opportunities provided by the trial court.

[9] In recounting its reasons for the sentence imposed, the trial court found:

> [Appellant has demonstrated resistance to treatment and supervision by failing to attend mandatory meetings and failing to provide meaningful participation.  Moreover, [Appellant] has refused to alter his pattern of antisocial conduct.  [Appellant] has lied to employees, possessed contraband, cashed paychecks, and was present in unauthorized areas.  In all likelihood, given [Appellant's] indifference to rehabilitation, rationalization of his actions, and failure to comply with the conditions imposed by the SIP program, [Appellant] will continue to commit criminal offenses.

Trial Court Opinion, 5/2/14, at 10.

sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing.").

We have conducted an independent review of the record and addressed Appellant's issue regarding the excessive nature of the sentence imposed following his SIP sentence revocation. Based on our conclusion above, we agree with counsel that the issue Appellant seeks to litigate in this appeal is wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Lazarus joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014