**COMMONWEALTH of Pennsylvania**

**v.**

**William R. PHILIPP, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1998.

Filed April 14, 1998.

Michael T. Winters, Lancaster, for appellant.

Mary E. McDaniel, Assistant District Attorney, Lancaster, for Com., appellee.

Before TAMILIA, OLSZEWSKI and BECK, JJ.

TAMILIA, Judge:

On January 17, 1997, appellant, William R. Philipp, pled guilty to driving under the influence of alcohol[1] and disregarding a yield sign.[2] At that time, he was sentenced to two years of intermediate punishment. Less than two months later, appellant, in an apparent state of intoxication, refused to submit to scheduled breath and urine tests. Both appellant's intoxication and refusal to submit to the tests constitute violations of the conditions of his intermediate punishment sentence.

Following a May 23, 1997 hearing, the court revoked appellant's participation in the Intermediate Punishment Program and on June 26, 1997, appellant was sentenced to one (1) to two (2) years' incarceration for his DUI conviction. This appeal followed.

Appellant argues the trial court abused its discretion by misapplying the sentencing

---

**1.** 75 Pa.C.S. § 3731(a)(1).

**2.** *Id.,* § 3323(c).

guidelines, imposing an unreasonable sentence outside the guidelines and failing to set forth an adequate explanation for the sentence on the record.

■ "Sentencing is a matter within the sound discretion of the trial court and will not be disturbed unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Phillips*, 411 Pa.Super. 329, 344, 601 A.2d 816, 823 (1992), *affirmed*, 534 Pa. 423, 633 A.2d 604 (1993). Upon review of the record, we find the June 26, 1997 sentence to be neither outside the statutory limits nor manifestly excessive.

In 1990, Pennsylvania enacted provisions establishing intermediate punishment as a sentencing alternative. The legislature's intent was:

> to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity;
>
> to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders;
>
> to make the offender more accountable to the community; and
>
> to help reduce the county jail overcrowding problem while maintaining public safety.

*Sentencing in Pennsylvania 1990:* 1990–1991 Annual Report of The Pennsylvania Commission on Sentencing, p. 8.

■ An intermediate punishment sentence imposed pursuant to 42 Pa.C.S. § 9763, **Sentence of Intermediate Punishment**, may be revoked where the specific conditions of the sentence have been violated. "Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9773, **Modification or revocation of intermediate punishment sentence**, (b) **Revocation**. This rule of re-sentencing is analogous to that set forth for re-sentencing following revocation of probation. "Upon revocation of probation a sen-

tencing court possesses the same sentencing alternatives that it had at the time of initial sentencing." *Commonwealth v. Byrd*, 444 Pa.Super. 86, 89, 663 A.2d 229, 231 (1995), *citing* 42 Pa.C.S. § 9771, **Modification or revocation of order of probation**, (b) **Revocation**. Moreover, revocation of probation occurs, as does revocation of an intermediate punishment sentence, where it has been found the defendant has violated the terms of his sentence. Similar provisions exist for the revocation of parole and accelerated rehabilitative disposition.[3]

■ Appellant relies upon the following provision of the sentencing guidelines and argues, as intermediate punishment is absent from the language, the guidelines apply in this case. "The sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocation, accelerated rehabilitative disposition, disposition in lieu of trial, direct or indirect contempt of court, nor violations of protection from abuse orders." 204 Pa.Code § 303.1 **Sentencing Guideline Standards** (b). We find the similarities between revocations of probation, parole and ARD and revocation of intermediate punishment sufficient to conclude the sentencing guidelines do not apply to sentences imposed as a result of intermediate punishment revocation. In further support of our determination, we point out that section 303.1 was revised and said revisions came into effect thirteen (13) days prior to appellant's sentence. Effective June 13, 1997, 204 Pa. Code § 303.1(b) provides as follows:

> (b) The sentencing guidelines do not apply to sentences imposed as a result of the following: accelerated rehabilitative disposition; disposition in lieu of trial; direct or indirect contempt of court; violations of protection from abuse orders; *revocation of* probation, *intermediate punishment* or parole.

(Emphasis added.) Based upon the foregoing, it is clear the guidelines were not intended to and do not apply to appellant's sentence. Appellant's arguments of their

---

3. *See* Pa.R.Crim.P. 184 **Procedure on charge of violation of conditions**. *Commonwealth v. Becker*, 366 Pa.Super. 54, 58, 530 A.2d 888, 890 (1987) ("ARD may be revoked and the charges revived before the program is completed."). Pa.R.Crim.P. 1409 **Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**.

misapplication are, therefore, without merit. Sentencing alternatives such as intermediate punishment exist to enable judges to impose the guideline sentence reflective of the rehabilitative needs of certain non-violent offenders while maintaining public safety. Intermediate punishment is not, however, the solution for all substance abuse offenders. Appellant received the benefit of the guidelines at his initial sentencing and through his own actions has demonstrated he needs a sentence more stringent than that provided in the guidelines.

■ The remaining issue for our review is whether the sentencing court abused its discretion in imposing the 1 to 2 year term of imprisonment without adequate explanation therefor. The sentencing court obviously need not explain deviation from the guidelines where they do not apply. However, the court is required pursuant to Pa.R.Crim.P. 1409(C)(2), *supra*, to state on the record the reasons for the sentence imposed. Accordingly, the court explained on the record that it had considered the following factors prior to imposing sentence:

- the pre-sentence investigation report;
- appellant's educational, family and work history;
- statements made on appellant's behalf by appellant's family, counsel and appellant himself; and
- appellant's alcohol abuse history.

(S.T., 6/26/97, pp. 13–15.) This was appellant's fourth DUI offense and as such is upgraded from a second degree misdemeanor to a first degree misdemeanor. 75 Pa.C.S. § 3731, *supra*, (e) **Penalty.** Appellant's offense has a statutory limit of five years as a first degree misdemeanor. 18 Pa.C.S. § 1104(1) **Sentence of imprisonment for misdemeanors.** As appellant's 1 to 2 year term of imprisonment is clearly within this statutory limit, there was no erroneous imposition of sentence. Appellant's sentence reflects the nature of the offense committed, his proclivity towards alcohol abuse, his refusal to seek the necessary treatment and the needs of society.

Upon review of the June 26, 1997 sentencing transcripts, it is apparent the court acted within its discretion in assessing the relevant factors and fashioned its sentence based upon the relevant evidence.

Judgment of sentence affirmed.