J-S28023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DASHARRH BARFIELD | |
| Appellant | No. 1481 MDA 2014 |

Appeal from the Judgment of Sentence June 24, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-001489-2013

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED AUGUST 25, 2015**

Dasharrh Barfield appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County following the revocation of his intermediate punishment.   After our review, we vacate and remand for resentencing.

The trial court summarized the relevant facts and procedural history as follows:

On April 14, 2014, [Barfield] was originally sentenced on one count of Delivery of Cocaine [35 P.S. § 780-113(a)(3)] to thirty (30) months in the [Luzerne County] Intermediate Punishment Program (IPP) with the first twelve (12) months to be served on house arrest with electronic monitoring.

On May 12, 2014, less than one month after [Barfield] was sentenced, the Luzerne County Department of Probation Services, Adult Probation and Parole Division, violated [Barfield] for admitting to his probation officer that he "smoked crack cocaine" and for leaving his residence without proper approval while on electronic monitoring. [Barfield] waived his Gagnon I

hearing and proceeded before [the trial court] for a Gagnon II hearing on June 5, 2014. At that time, [Barfield] admitted to the violations.

As a result of the violations, a review of the PSI and the presentations of counsel, and finding that [Appellant] could not even complete one month of house arrest by following the terms and conditions of the Luzerne County Department of Probation Services, [the trial court] determined that resentencing [Barfield] to a period of incarceration was appropriate. [The trial court] then resentenced [Appellant] to a minimum of twenty four (24) months to a maximum of forty eight (48) months incarceration to be served at a state correctional institution while giving [Appellant] credit of thirty six (36) days for time already served.

On June 12, 2014, [Appellant] mailed a pro se Motion to Modify and Reduce Sentence to the [trial court] which was denied by Order of June 24, 2014. On July 22, 2014, [Barfield], through his Court appointed counsel, filed a Notice of Appeal. [Both Barfield and the trial court have complied with Pa.R.A.P.] 1925.

Trial Court Opinion, 11/4/14, at 2-3 (footnote omitted).

Barfield presents the following issues for our review:

1. Whether the sentencing court erred by imposing a sentence of total confinement where [Barfield] was a first-time, technical violator of the intermediate punishment program?

2. Whether the sentencing court erred by relying on the sentencing guidelines in determining [Barfield's] new sentence following his revocation from the county intermediate punishment program?

Appellant's Brief at 1.

Barfield first argues that the trial court erred when it revoked his intermediate punishment and imposed a sentence of total confinement based on his technical violations. Appellant's Brief, at 5-7. We find no error.

"Revocation . . . is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa. Super. 2007) (citations and internal quotations omitted). "It is essential that the court maintain the ability to incarcerate persons for whom intermediate punishment is no longer a viable means of rehabilitation." ***Commonwealth v. Serrano***, 727 A.2d 1168, 1170 (Pa. Super. 1999).

Section 9773(b) of the Judicial Code, 42 Pa.C.S.A. § 9773(b), which governs modification or revocation of county intermediate punishment sentences, provides:

> **Revocation**.-- The court may revoke a sentence of county intermediate punishment upon proof of a violation of specific conditions of the sentence. Upon revocation and subject to section 9763(d), the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. Upon a revocation of county intermediate punishment for any reason specified by law, the attorney for the Commonwealth may file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence. Consideration shall be given to the time served in the county intermediate punishment program.

42 Pa.C.S.A § 9773(6). Thus, "[a]n intermediate punishment sentence imposed pursuant to 42 Pa.C.S. § 9773 . . . may be revoked where the specific conditions of the sentence have been violated." ***Commonwealth v. Philipp***, 709 A.2d 920, 921 (Pa. Super. 1998).

- 3 -

Here, the record establishes that Barfield admitted to violating Rule Number 8 of the conditions of his intermediate punishment sentence, prohibiting him from smoking crack cocaine, and Rule Number 1 of his electronic monitoring program by leaving his residence without proper approval. N.T. Gagnon II Hearing, 6/5/14, at 2; Intermediate Punishment Violation Report, 5/12/14. Given that as conditions of his intermediate punishment sentence, Barfield was required to refrain from illegal drug use and not abscond from electronic monitoring without proper approval, and that Barfield admitted to these violations, we find no error in the trial court's decision to revoke his intermediate punishment sentence.

Barfield also challenges the trial court's decision to resentence him to total confinement. He asserts that in imposing its sentence, the trial court improperly relied on the sentencing guidelines. Appellant's Brief at 7-8. These claims constitute a challenge to the discretionary aspects of his sentence.

Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal; rather, such an appeal is considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is

appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Although the record does not contain a written post-sentence motion, Barfield preserved his discretionary claims in an oral post-sentence motion at the June 5, 2015 hearing. N.T. Gagnon II Hearing, 6/5/14, at 7-8.[1] In addition, Barfield has filed a timely notice of appeal and included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 4-5. Moreover, Barfield's claims that the trial court erred in sentencing him to total confinement based on technical violations, and improperly relied on the sentencing guidelines when resentencing him, raise substantial questions for our review. *See Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (holding that claim that trial court's sentence to total confinement based solely on technical violation raises substantial question for our review); *Commonwealth v. Philipp*, 709 A.2d 920, 921 (Pa. Super.

---

[1] Although the record does not contain a written post-sentence motion, the trial court in its Pa.R.A.P. 1925(a) opinion indicates that a post-sentence motion was filed on June 12, 2014, and the record contains an order dated June 24, 2014 denying that motion.

1998) (explaining that "the sentencing guidelines do not apply to sentences imposed as a result of intermediate punishment revocation").

> The imposition of sentence following the revocation of [a sentence of conditional release] is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283–84 (Pa. Super. 2012). Section 9773 of the Judicial Code, 42 Pa.C.S.A. § 9773, governing resentencing following revocation of intermediate punishment sentences, is analogous to the procedure for resentencing following revocation of probation, in that the sentencing court possesses the same sentencing alternatives that it had at the time of the initial sentencing. *Philipp*, 709 A.2d at 921; 42 Pa.C.S.A. § 9773 (the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing). *See also* Pa.R.Crim.P. 708; *Commonwealth v. Cartrette*, 83 A.3d 1030, 1043 (Pa. Super. 2013) (analyzing revocation of intermediate punishment proceedings under the same scope and standard of review applicable to probation revocation proceedings); *Philipp*, *supra*; *Commonwealth v. Harriott*, 919 A.2d 234 (Pa. Super. 2007).

In addition, section 9721(b), which sets forth the general standards that a court is to apply in sentencing a defendant, provides:

> In every case in which the court . . . resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. ° 9721(b). "[T]he sentencing court must follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." **Cartrette**, 83 A.3d at 1040-1041. "Failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." **Id**. (internal quotations omitted). Moreover, in such revocation proceedings, "the court shall consider the record of the initial sentencing proceeding as well as the conduct of the defendant while serving a sentence of county intermediate punishment." 42 Pa.C.S.A. § 9773(c).

Here, at the **Gagnon II** hearing, prior to sentencing Barfield, the trial court heard from the Commonwealth, as well as from Barfield and his counsel. Counsel explained that Barfield took responsibility for his drug addiction, and that he had suffered a relapse and desired drug and alcohol treatment in order to rehabilitate himself. **Id**. at 4. The trial court then explained its decision to resentence Barfield to a term of imprisonment of 2 to 4 years as follows:

> [B]ased on my review of the PSI, its clear that [Barfield] has a substantial pior criminal history, much of which included drug-related offenses similar to the offense at issue here.
>
> It appears [Barfield] was given numerous opportunities through these contacts with the justice system and hasn't reformed his ways. [The trial court] again gave him another opportunity by allowing him to serve the sentence in the IPP Program, from which he's now being revoked; therefore, I feel that a period of incarceration in a state correctional institution would be the next logical step so as not to diminish the serious nature of the offense. And also [Barfield] could benefit from the programs offered in the state system.

N.T. Gagnon II Hearing, 6/5/14, at 4-5.

At the sentencing hearing, the prosecutor stated that prior to imposition of intermediate punishment, Barfield was "looking at a standard range of 21 to 27 months with a prior record score of five." N.T. Revocation Hearing, 10/31/14, at 3. The prosecutor went on to state that given Barfield's violation, "I'm asking to revoke and resentence within the applicable standard range." *Id.*

> In imposing sentence, the court stated:
>
> This Court again gave him another opportunity by allowing him to serve the sentence in the IPP Program, from which he's now being revoked; therefore, I feel that a period of incarceration in a state correctional institution would be the next logical step so as not to diminish the serious nature of the offense. And also [Barfield] could benefit from the programs offered in the state system. The standard range of the guidelines for Count 1, delivery, being 21 to 27 months, the Court will sentence the Defendant to a minimum of 24 months to a maximum of 48 months to be served in a state correctional institution.

*Id.* at 5-6 (emphasis added).

Thereafter, defense counsel asked the court to reconsider and requested a county sentence of 12 months less one day. The court, in response to defense counsel's request, stated, "[t]hat would require the [trial court] to deviate totally from the sentencing guidelines and go even below the mitigated range of the guidelines, which I'm not inclined to do[.]" *Id*. at 7. Defense counsel then pointed out that the guidelines do not apply in this type of proceeding, at which point the court responded, "I think they do. When you're revoked from the IPP Program, the court can resentence *and in resentencing, I am utilizing the guidelines*." *Id.* at 7-8 (emphasis added).

The case of *Philipp*, *supra*, is dispositive. In *Philipp*, this Court held that the sentencing guidelines do not apply to sentences imposed as a result of intermediate punishment revocation. *Philipp*, 907 A.2d at 921. *See* 204 Pa.Code § 303.1(b)[2] ("The sentencing guidelines do not apply to sentences imposed as a result of the following: accelerated rehabilitative disposition; disposition in lieu of trial; direct or indirect contempt of court; violations of protection from abuse orders; revocation of probation, *intermediate punishment or parole*.") (emphasis added).

From our reading of the record, we conclude that the sentencing court believed that the sentencing guidelines applied, and that the court utilized

_____

[2] Effective: September 26, 2014.

the guidelines in imposing sentence. Accordingly, we vacate the judgment of sentence and remand for resentencing in accordance with this decision.

Vacated and remanded. Jurisdiction relinquished.

BOWES, J., Joins the majority.

ALLEN, J., Files a concurring memorandum in which Judge Bowes joins.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2015