J. S64039/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
    :
        v.     :
    :
SETH ALAN REEDER,     :
    :
        Appellant     :     No. 204 MDA 2015

Appeal from the Judgment of Sentence December 31, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division No(s).: CP-41-CR-0001376-2012
CP-41-CR-0001377-2012

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED NOVEMBER 09, 2015**

Appellant, Seth Alan Reeder, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas following the trial court's revocation of his intermediate punishment program ("IPP") sentence. He challenges the discretionary aspects of his sentence. We affirm.

We adopt the facts and procedural history of this case as set forth by the trial court's opinion. *See* Trial Ct. Op., 5/18/15, at 1-4. Appellant filed a timely notice of appeal.[1] Appellant filed a court-ordered Pa.R.A.P. 1925(b)

---

[*] Former Justice specially assigned to the Superior Court.

[1] "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal [the] sentence from the day [the] sentence is entered, regardless of whether or not [he or] she files a post-sentence motion." *Commonwealth v. Parlante*, 823 A.2d 927, 929

statement of errors complained of on appeal[2] and the trial court filed a responsive opinion.[3]   Appellant raises the following issue on appeal: "Whether the trial court abused its discretion in imposing a sentence of one and one-half ($1^1/_2$) years to five (5) years as a result of an [sic] County [IPP] Violation?"[4]  Appellant's Brief at 6.

---

(Pa. Super. 2003) (citing, *inter alia*, Pa.R.Crim.P. 708D)).   In the case *sub judice*, Appellant was re-sentenced on December 21, 2014.   He filed his notice of appeal on January 29, 2015.

[2] We note that the trial court entered an order on February 5, 2015, directing Appellant to file and serve his Pa.R.A.P. 1925(b) statement "within twenty-one (21) days of the date hereof."  Order, 2/5/15.  Appellant filed his Rule 1925(b) statement on March 13, 2015.  We need not find the late filing results in waiver.  In **Commonwealth v. Veon**, 109 A.3d 754 (Pa. Super.), *appeal granted on other grounds*, 121 A.3d 954, 955 (Pa. Aug. 20, 2015), this Court addressed the issue of an untimely Rule 1925(b) statement.

> First, the trial court maintains that [the defendant] has waived all of his issues on appeal by failing to file a timely statement of matters complained of on appeal pursuant to Rule 1925(b) of our Rules of Appellate Procedure.  **Waiver is no longer the remedy under such situations**. Where the trial court does not address the issues raised in an untimely 1925(b) statement, we remand to allow the trial court an opportunity to do so.  On the other hand, where, as here, the trial court has addressed the issues raised in an untimely Rule 1925(b) statement, we need not remand and may address the issues on their merits.

*Id.* at 762 (citations omitted and emphasis added).

[3] The Commonwealth did not file a brief in the instant case.

[4] We note that the principles which apply to revocation of probation apply to revocation of an IPP sentence.  In **Commonwealth v. Philipp**, 709 A.2d 920 (Pa. Super. 1998), this Court opined:

Appellant argues "that the trial court abused its discretion in imposing sentence because of the nature of Appellant's violations, the lack of a new criminal conviction, the availability of less restrictive sanctions, and because the sentence is excessive to vindicate the authority of the court." Appellant's Brief at 12. Appellant avers that his supervision violations of the IPP, *viz.*, "his absconding status and his use of marijuana" and "the nature of his original crime" should not have resulted in a sentence of total confinement under 42 Pa.C.S. § 9771(c). *Id.* at 12-13.

Appellant challenges the discretionary aspect of his sentence. This Court has stated,

> discretionary aspects of . . . sentence . . . are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect,

---

[A] Sentence of Intermediate Punishment[ ] may be revoked where the specific conditions of the sentence have been violated. "Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9773, Modification or revocation of intermediate punishment sentence, (b) Revocation. This rule of re-sentencing is analogous to that set forth for re-sentencing following revocation of probation.

*Id.* at 921 (emphases omitted).

Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

Instantly, Appellant timely appealed, preserved his issue in his post sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Accordingly, we ascertain whether Appellant has raised a substantial question. *See id.*

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotation marks and citation omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014). "[I]f a defendant believes the record is devoid of evidence supporting total confinement under § 9771(c), he must preserve that argument as a challenge to the discretionary aspects of the sentence." *Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012). "An argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question." *Id.* (citing *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010).

Appellant sufficiently alleges his sentence is disproportionate to the technical nature of his IPP violations and conflicts with Section 9771(c). We

therefore find Appellant has raised a substantial question. **See Dodge**, 77 A.3d at 1268; **Schutzues**, 54 A.3d at 98.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.
>
> More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:
>
> > [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

**Commonwealth v. Bricker**, 41 A.3d 872, 875 (Pa. Super. 2012) (some citations omitted). "[W]hen a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing . . . ." **Schutzues**, 54 A.3d at 98-99.

> Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> > 1. the defendant has been convicted of another crime; or

2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

3. such a sentence is essential to vindicate the authority of this court.

*Crump*, 995 A.2d at 1282-83. This court has declined to find an abuse of discretion when "continued drug use, combined with [the defendant's] resistance to treatment and supervision, [was] enough to make a determination that, unless incarcerated, appellant would in all likelihood commit another crime." *Commonwealth v. Cappellini*, 690 A.2d 1220, 1225 (Pa. Super. 1997).

After careful consideration of the record, Appellant's brief, and the well-reasoned decision of the Honorable Marc F. Lovecchio, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 5-7 (holding (1) Appellant is likely to commit another crime if not confined; and (2) due to substance abuse, personality disorders, and refusal to report to supervising officer "alternatives to incarceration cannot work.") Accordingly, having discerned no abuse of discretion, we affirm the judgment of sentence. *See Bricker*, 41 A.3d at 875.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH

    vs.

SETH REEDER,
    Appellant

: No.  CP-41-CR-1376-2012;
:       CP-41-CR-1377-2012
:
:
:
:
:
:
: 1925(a) Opinion

## OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

This opinion is written in support of this court's order dated December 31, 2014, in which the court revoked Seth Reeder's intermediate punishment and re-sentenced him to undergo 1 ½ to 5 years' incarceration in a state correctional institution, and its order dated January 12, 2015, in which the court summarily denied Appellant's motion for reconsideration. The relevant facts follow.

Under Information 1376-2012, Reeder was charged with theft of property lost, mislaid or delivered and receiving stolen property, both misdemeanors of the second degree. Under Information 1377-2012, Reeder was charged with criminal trespass, a felony of the third degree; theft by unlawful taking, a felony of the third degree; receiving stolen property, a felony of the third degree; theft from a motor vehicle, a misdemeanor of the first degree; and corruption of minors, a misdemeanor of the first degree.

On October 24, 2012, Reeder pleaded guilty to Count 1, theft of property lost, mislaid or delivered under Information 1376-2012 and Count 4, theft from a motor vehicle

SCANNED

1

under Information 1377-2012, as well as three additional charges under two other cases. The Honorable Nancy L. Butts imposed an aggregate sentence of 36 months supervision under the intermediate punishment program, which included 6 months on each of the theft offenses. A condition of supervision was that Reeder complete Drug Court.

Reeder did not do very well in Drug Court or on supervision in general. On January 9, 2013, he received a sanction of 25 additional hours of community service for missing a follow-up appointment with West Branch Drug and Alcohol Commission. On March 20, 2013, the Honorable Nancy Butts imposed a sanction of 48 hours of incarceration at the Lycoming County Prison because he missed his counseling appointment at Crossroads on March 13, 2013.

On June 26, 2013, Judge Butts found that Reeder was terminated from the job search program, which would directly interfere with his funding for treatment. She imposed a sanction of 25 hours of community service and directed Reeder to get back in the job search program by whatever means possible so he wouldn't lose his funding.

In January 2014, Appellant lost his address at the American Rescue Workers. It was also alleged that he may have stolen some items from the American Rescue Workers. A preliminary violation hearing was held and he was sent for a 60-day diagnostic evaluation. On April 29, 2104, at the final violation hearing, Reeder admitted violating his intermediate punishment sentence.

The Honorable Dudley Anderson revoked Reeder's original intermediate punishment sentences. Under 1376-2012, Judge Anderson re-sentenced Reeder to 24 months of supervision under the intermediate punishment program with the first 9 months and 21

2

days to be served at the Lycoming County Prison/Pre-Release Center for theft of property lost or mislaid. On theft from a motor vehicle, under 1377-2012, Judge Anderson imposed a sentence of 18 to 36 months of incarceration in a state correctional institution but suspended it upon the condition that Reeder successfully complete the supervision under 1376-2012. With credit for time served, Reeder was released from incarceration in May 2014.

Unfortunately, Reeder stopped reporting to his probation officer in September. He failed to report on September 22, 2014; October 6, 2014; October 20, 2014; November 3, 2014; and November 6, 2014. As a result, a bench warrant was issued for his arrest.

Reeder was apprehended on December 19, 2014. At that time, he admitted smoking marijuana on a series of occasions. It was also alleged that he was verbally abusive and failed to comply with the directives of adult probation officers and other law enforcement personnel when he was apprehended.

At his violation hearing on December 31, 2014, Reeder admitted that he absconded from September forward and that he used marijuana after he had been released in May. The court revoked his intermediate punishment and sentenced him to 1½ to 5 years' incarceration for theft from a motor vehicle under 1377-2012 and a concurrent 1 to 2 years' incarceration for the theft under 1376-2012.

On January 8, 2015, Reeder filed a motion for reconsideration, in which he asserted that Lycoming County had alternative resources available to treat his alleged mental health issues that would not require him to serve a period of state incarceration and full incarceration, as opposed to a new intermediate punishment program at the county level, was excessive when he had not committed any new offense. The court summarily denied the

3

motion for reconsideration on January 12, 2015.

Reeder filed a timely notice of appeal. The sole issue asserted on appeal is that the court abused its discretion when imposing a re-sentence of total confinement in a state correctional institution for technical probation violations in light of Reeder's mental health condition and needs, his acceptance of responsibility, and the fact that he had not committed a new criminal offense as argued by defense counsel at the time of the violation hearing.

A sentence will not be reversed on appeal unless the sentencing court abused its discretion. "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.'" *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 961 (2007), quoting *Commonwealth v. Smith*, 543 Pa 566, 673 A.2d 893, 895 (1996).

An intermediate punishment sentence may be revoked when a defendant violates the specific conditions of the sentence. *Commonwealth v. Philipp*, 709 A.2d 920, 921 (Pa. Super. 1998). Revocation and re-sentencing following a violation of an intermediate punishment sentence is analogous to revocation and re-sentencing for a probation violation; the sentencing court possesses all the sentencing alternatives it had at the time of the initial sentencing, but the sentencing guidelines do not apply. *Id.* Thus, the court is limited only by the maximum sentence that it could have imposed originally at the time of the intermediate punishment sentence. See *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).

A sentence of total confinement was one of the alternatives available to the

4

court at the time of the initial sentencing. 42 Pa.C.S.A. §9721(a)(4). The maximum sentence the court could have imposed was a sentence of 2 ½ to 5 years for the theft under 1377-2012 and a sentence of 1 to 2 years for the theft under 1376-2012. The court had the discretion to impose them consecutively or concurrently. 42 Pa.C.S.A. §9721(a). The court imposed a sentence of 1 ½ to 5 years of incarceration under 1377-2012 and a concurrent sentence of 1 to 2 years under 1376-2012.

Reeder contends that the court should not have imposed a sentence of total confinement because he has mental health issues, he accepted responsibility and he was not charged with any new criminal offenses. Generally, intermediate punishment and probation have been treated similarly. Upon revocation of a sentence of probation, the court can only impose a sentence of total confinement if "it finds that: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. §9771(c).

The evidence presented at the violation hearing showed that it is likely Reeder will commit another crime if he is not confined. According to the report from his 60-day evaluation in March 2014, his primary mental health diagnosis is poly-substance abuse that is in forced remission. He also has Axis II personality disorders that affect his ability to control his behaviors and impulses. N.T., at 10. Unfortunately, with his substance abuse and personality disorders, Reeder seems to be in a cycle that is only broken when he is incarcerated. While incarcerated, Reeder was taking his medications as prescribed. After he was released, he thought he was going to be alright without taking his prescribed

medications. He stopped taking his medications, absconded from supervision, and "self-medicated" with illegal drugs. N.T., at 5, 9. To self-medicate with illegal drugs, Reeder had to possess them. Possession of a controlled substance is a crime. 35 P.S. §780-113.

Defense counsel advocated for an involuntary mental health commitment. The court did not view this as a viable long-term solution. To be involuntarily committed an individual must pose a clear and present danger of harm to himself or others. There also are strict time limits for the duration of any involuntary commitment. Once an individual no longer poses a clear and present danger of harm to himself or others, he must be released. There would be no mechanism to ensure that Reeder would continue to take his medications after his release, and he could not be recommitted until he deteriorated to the point where he again became a danger to himself or others. The court did not want to expose Reeder or the public to that type of risk of harm.

In a state correctional facility, Reeder will be able to receive mental health medications and treatment. Once he is paroled, however, he will be subject to supervision and could be randomly drug tested to ensure that he is not self-medicating.

The court does not take pleasure in sending people to state prison, especially individuals who have mental health issues. However, Lycoming County judges and members of the probation office have tried to help Reeder through Drug Court and intermediate punishment programs. They also have tried escalating sanctions for his violations. Those efforts have not been successful. Sadly, the court is convinced that continuing with those efforts in this case would have been an exercise in futility. Moreover, the alternatives to incarceration cannot work when Reeder fails or refuses to report to his supervising officer as

6

directed.

DATE: _5- 15- 2015_  By The Court,

Marc F. Lovecchio, Judge

cc:     District Attorney
        Robert Cronin, Esquire (APD)
        Work file
        Gary Weber, Esquire (Lycoming Reporter)
        Superior Court (original & 1)

7