**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOEL GANT, | |
| Appellant | No. 2027 WDA 2014 |

Appeal from the PCRA Order August 27, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003593-2011
CP-02-CR-0004540-2009
CP-02-CR-0016675-2009

BEFORE: SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　　　**FILED NOVEMBER 16, 2015**

Appellant, Joel Gant, appeals *pro se* from the order entered on August 27, 2014, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

On May 24, 2011, Appellant entered a negotiated guilty plea at docket numbers that included CP-02-CR-0003593-2011, CP-02-CR-0004540-2009, and CP-02-CR-0016675-2009.[1] Appellant pleaded guilty to a variety of crimes, including multiple charges of possession of a controlled substance with the intent to deliver. **See** 35 P.S. § 780-113(a)(30). During the guilty

---

[1] On May 24, 2011, Appellant also pleaded guilty to the charges filed at docket numbers CP-02-CR-0017482-2009 and CP-02-CR-0002251-2010.

plea hearing, the trial court explained the contours of the negotiated plea to Appellant:

> [Trial Court:] If you plead generally on all five of these cases, sentencing will be deferred to determine whether or not you're accepted into state [intermediate punishment (hereinafter "state IP")]. I cannot promise you that you'll be accepted. You understand that?
>
> [Appellant:] Yes, ma'am.
>
> [Trial Court:] You understand that if you're not accepted into state IP, that is not a basis to withdraw your plea on any of these cases. You understand that?
>
> [Appellant:] Yes, ma'am.
>
> [Trial Court:] You understand that if you're not accepted, then the alternate sentence would be three to six years['] incarceration total with a recommendation for boot camp. And again a recommendation is just that. It's not a promise that you'll be permitted to serve any part of your sentence in the boot camp program. Do you understand that?
>
> [Appellant:] Yes, ma'am.

N.T. Guilty Plea, 5/24/11, at 4-5.

On October 6, 2011, the trial court sentenced Appellant to serve an aggregate term of "two years of state IP[,] with a consecutive five-year period of probation." N.T. Sentencing, 10/6/11, at 8. Appellant did not file a direct appeal from this judgment of sentence.

On June 12, 2013, Appellant appeared before the trial court for resentencing on docket numbers CP-02-CR-0003593-2011, CP-02-CR-0004540-2009, and CP-02-CR-0016675-2009. As the trial court explained during the resentencing hearing:

> This court was notified by letter dated May 15, 2013 that [Appellant] had been expelled from state IP, because while serving his state IP sentence he was arrested on new possession with intent to deliver and driving under suspension charges.
>
> Those charges are currently pending formal arraignment; were held for trial.
>
> Consequently, . . . today we will be resentencing [Appellant] on [three] earlier sentences, those three being possession with intent to deliver, where I gave him concurrent [state IP] sentence[s].

N.T. Resentencing, 6/12/13, at 2.

That day, the trial court revoked Appellant's intermediate punishment at the three affected docket numbers and resentenced Appellant to serve an aggregate term of three years (plus one day) to six years (plus two days) in prison, with a consecutive term of four years (less two days) of probation. *Id.* at 11-13.[2]

_____

[2] In **Commonwealth v. Philipp**, 709 A.2d 920, 921 (Pa. Super. 1998), we explained:

> An intermediate punishment sentence imposed pursuant to 42 Pa.C.S.A. § 9763, Sentence of Intermediate Punishment, may be revoked where the specific conditions of the sentence have been violated. "Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S.A. § 9773, Modification or revocation of intermediate punishment sentence, (b) Revocation. This rule of re-sentencing is analogous to that set forth for re-sentencing following revocation of probation. "Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of

*(Footnote Continued Next Page)*

A little less than one year later – on May 6, 2014 – Appellant filed a *pro se* petition entitled, "Motion to Reinstate Rights for PCRA." The petition claimed:

> [Appellant] respectfully ask[s] [the PCRA court] to reinstate [his] rights based on the following[:]
>
> 1. [Appellant] was not of understanding he was giving up his right to appeal.
>
> 2. [Appellant] was instructed to [plead] guilty by his attorney, instead of going to trial to prove his innocence. [Appellant] needs his appeal rights to pursue justice.
>
> 3. A defendant deserves a right to justice no matter how naïve or ignorant to the law he or she is.
>
> 4. In the event the motion is accepted[, Appellant] is requesting a [90] day extension from the date [Appellant] received the acceptance. . . .

Appellant's "Motion to Reinstate Rights for PCRA," 5/6/14, at 1.

On May 8, 2014, the PCRA court entered an order, which: appointed counsel to represent Appellant; stated that the PCRA petition had been

---

*(Footnote Continued)*

> initial sentencing." **Commonwealth v. Byrd**, 663 A.2d 229, 231 (Pa. Super. 1995), *citing* 42 Pa.C.S.A. § 9771, Modification or revocation of order of probation, (b) Revocation. Moreover, revocation of probation occurs, as does revocation of an intermediate punishment sentence, where it has been found the defendant has violated the terms of his sentence. Similar provisions exist for the revocation of parole and accelerated rehabilitative disposition.

**Philipp**, 709 A.2d at 921.

served upon Appellant's counsel; and, declared that Appellant's PCRA petition was "returned to [Appellant] for amendment[] as necessary, such amendment[] to be made on or before June 23, 2014[,] or court-appointed counsel to advise that no amendment is necessary." PCRA Court Order, 5/8/14, at 1.

Following the appointment of counsel, Appellant filed two additional *pro se* petitions. First, on May 13, 2014, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment," wherein Appellant claimed that the trial court erred when it credited him with 881 days of time served at only one of the three docket numbers. As Appellant contended, he was entitled to "881 days [of time served] . . . on all [three] cases." Appellant's "Motion for Time Served," 5/13/14, at 2. Second, on May 22, 2014, Appellant filed a *pro se* PCRA petition, declaring: "[t]he only reason [Appellant] accepted the [original] plea was because [*sic*] the counsel's ineffective assistance. The counsel told [Appellant] he has more then [*sic*] one mandatory case. The counsel misapplied the guidelines which I believe is a violation of the constitutional or amendment rights and some sentences received by [Appellant] are greater then [*sic*] lawful max ([Appellant] may amend in court if necessary)." Appellant's Amended PCRA Petition, 5/22/14, at 8.

On July 14, 2014, Appellant's counsel filed a "no merit" letter and a petition to withdraw as counsel, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.

Super. 1988) (*en banc*). The PCRA court granted counsel's request to withdraw by order entered July 16, 2014.

On August 7, 2014, the PCRA court provided Appellant with notice that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 8/7/14, at 1; *see also* Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on August 27, 2014.

Appellant filed a timely notice of appeal to this Court and independently filed a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant listed the following claim in his Rule 1925(b) statement:

> [Appellant] raises the claim there was an error made in his sentencing on June 12, 2013. In June 2013 [Appellant] was sentenced to three concurrent terms of [three] years plus [one] day to [six] years plus [two] days with 881 days['] time credit. [Appellant] was arrested and detained on all case numbers as of January 13[,] 2011. [Appellant] accepted a guilty plea for all case numbers on the same day [in front] of one judge. The error being complained of is 881 days went to only one case [number,] and not all three, which the judge specified it would go to all three. [Appellant] was incarcerated at the same time for the same amount of days for all [case] numbers. . . . [Appellant] is asking the judge to correct his sentence and specify that his controlling minimum should be January 2014.

Appellant's Rule 1925(b) Statement, 1/23/15, at 1-2.[3]

---

[3] Within the PCRA court's opinion, the PCRA court noted:

*(Footnote Continued Next Page)*

Now on appeal, Appellant claims that his **plea counsel was ineffective** during Appellant's **May 24, 2011 guilty plea hearing**. According to Appellant:

> [Appellant] avers that on May 24[,] 2011[, trial counsel] miscarried justice, misapplied the guidelines, coerced, and did not provide [Appellant] with equal protection of the law.

Appellant's Brief at 1.

This Court does not have jurisdiction to decide Appellant's claim.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further,

_(Footnote Continued)_ ⸻

> Appellant contends that [the trial court] erred in failing to award [] time credit. Upon review of the issue . . . Appellant correctly states [that the trial] court's intention was to award him a time credit at each petition. Therefore, [the PCRA] court has corrected the scrivener's error by amending the June 12, 2013 resentencing order to reflect the proper time credit and has attached copies of the amended orders to this opinion. As the time credit issue was the only error alleged, Appellant's appeal is now moot.

PCRA Court Opinion, 3/16/15, at 3 (some internal capitalization omitted).

since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

On appeal, Appellant claims that counsel was ineffective during Appellant's **original, May 24, 2011 guilty plea hearing**. However, Appellant did not file a direct appeal from his October 6, 2011 judgment of sentence. Thus, Appellant's original judgment of sentence became final on Monday, November 7, 2011 – which was 31 computable days after the time for filing a notice of appeal to this Court expired. ***See*** Pa.R.A.P. 903(a); 42

Pa.C.S.A. § 9545(b)(3); 1 Pa.C.S.A. § 1908 (computation of time). Appellant then had until November 7, 2011 to file a timely PCRA petition.[4] 42 Pa.C.S.A. § 9545(b). As Appellant did not file his current petition until May 6, 2014, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant did not attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Thus, since Appellant's PCRA petition is manifestly untimely and Appellant did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We, therefore, affirm the PCRA court's August 27, 2014 order, dismissing Appellant's PCRA petition without a hearing.

---

[4] The trial court's actions on June 12, 2013 – wherein the trial court revoked Appellant's intermediate punishment and resentenced Appellant – did not extend the time for Appellant to file a PCRA petition challenging his counsel's effectiveness during the May 24, 2011 guilty plea hearing. *See*, *e.g.*, *Commonwealth v. Anderson*, 788 A.2d 1019, 1021 (Pa. Super. 2001) ("[p]robation revocation does not materially alter the underlying conviction such that the period available for collateral review must be restarted").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015