J-S37037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES GLENN TARTAL | |
| Appellant | No. 1791 WDA 2015 |

Appeal from the Judgment of Sentence October 21, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000024-2009,
CP-33-CR-0000025-2009

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 16, 2016**

James Glenn Tartal appeals from his probation revocation sentences (docket numbers CR-24-2009 & CR-25-2009) entered in the Court of Common Pleas of Jefferson County.  After careful review, we affirm.

On June 17, 2009, Tartal pled guilty to one count of burglary[1] (CR-24-2009) and was sentenced to two years of intermediate punishment (IP), followed by five years of probation.  On the same date, Tartal pled guilty to one count of delivery of a controlled substance (heroin)[2] (CR-25-2009) and was sentenced to five years of probation to run concurrently with the

_____

[1] 18 Pa.C.S. § 3502(a).

[2] 35 P.S. § 780-113(a)(30).

sentence imposed at CR-24-2009. On August 15, 2012, the court heard evidence that Tartal had committed technical violations of his sentences at CR-24-2009 and CR-25-2009. The court ordered that Tartal remain in the Jefferson County jail until August 20, 2012, when he would be released to report to the Jefferson County Adult Probation Office to finish his probation.

On October 9, 2015, Tartal was convicted of manufacturing methamphetamine (docket number CR-298-2015). As a result of his new conviction, the court revoked Tartal's probation at CR-25-2009 and resentenced him to 7½-15 years' imprisonment, with credit for time served. The court also revoked Tartal's sentence at CR-24-2009 and resentenced him to 2½-5 years in prison. The sentence at CR-25-2009 was ordered to run consecutively to the sentence imposed at CR-298-2015. The sentence at CR-24-2009 was ordered to run consecutively to the sentence at CR-25-2009.[3] On November 2, 2015, Tartal filed a motion for reconsideration of sentence which was denied. This timely appeal follows.

On appeal, Tartal presents the following issue for our consideration: Whether the trial court abused its discretion when it revoked [Tartal's] probation and resentenced him to serve a sentence of incarceration in a

_____

[3] Thus, the aggregate of Tartal's probation revocation sentences is 10-20 years of incarceration, which runs consecutively to the sentence at CR-298-2015.

State Correctional Institution aggregating to a minimum of ten (10) years to a maximum of twenty (20) years for [Tartal's] violation of probation/parole.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. *Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa. Super. 2005). Notwithstanding the stated scope of review suggesting that only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. *Commonwealth v. Sierra*, 752 A.2d 910, 912 n.6 (Pa. Super. 2000). *See also Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (en banc) (scope of review following revocation proceedings includes discretionary sentencing claims).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Sierra*, *supra*. An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Instantly, Tartal filed a timely notice of appeal, and he preserved his challenge to the discretionary aspects of his sentence by raising the issue in a motion for reconsideration of his sentence. Tartal's brief includes a statement of the reasons relied upon for allowance of appeal regarding the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Tartal presents a substantial question that the sentence from which he appeals is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912–13.

In his Rule 2119(f) statement, Tartal asserts that his probation revocation sentences are "manifestly unreasonable in that they constitute too severe of a punishment under the circumstances of the case and the probation/parole violations, and the Court's reasons for the sentences do not justify the severity." Appellant's Brief, at 7. This claim presents a substantial question invoking our appellate review. *Commonwealth v. Philipp*, 709 A.2d 920 (Pa. Super. 1998).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa. Super. 2006). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000). We note that where the sentencing court has reviewed a presentence investigation report, the court is considered to have appropriately weighed the requisite sentencing factors. *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012).

"[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. 42 Pa.C.S.A. § 9771(c).

The record reveals that the revocation court reviewed the relevant presentence investigation report (PSI) prior to revoking Tartal's probation.[4] Moreover, the court provided ample support for its revocation sentence, stating the following:

> The defendant, having already completed the State Intermediate Punishment [P]rogram, was still on probation for Burglary and Delivery of a Controlled Substance when he pled guilty to Manufacture of a Controlled Substance for manufacturing methamphetamine. Clearly, then, several months in jail, more than a year of substance abuse treatment, and the threat of re-incarceration were ineffective deterrents for this particular defendant, whose new crime was for the same kind of conduct – participation in the drug trade – that had given the [c]ourt jurisdiction over him in 2009. The defendant proved, therefore, that he was not amenable to probation; that a lesser prison term coupled with extensive substance abuse treatment was not the answer to rehabilitating him and protecting the community; and that he would, as he had already, likely commit additional crimes if not physically precluded from doing so. The [c]ourt thus deemed a sentence of total confinement to be the most feasible alternative, not because it was biased against the defendant or bore him any ill-will, but because he had demonstrated that he would not control his criminal inclinations otherwise.

Trial Court Opinion, 12/17/15, at 15.

The record supports the court's probation revocation sentences. After reviewing the PSI, the court concluded that Tartal's repeated criminal transgressions, which occurred in multiple counties while he was on

_____

[4] In fact, the Honorable John H. Foradora, who imposed Tartal's probation revocation sentences in the instant case, was very familiar with Tartal's criminal history since he was the judge who sentenced Tartal in 2009 for burglary.

- 6 -

probation, indicate that it is likely he will commit another crime if he is not imprisoned. **See** 42 Pa.C.S.A. § 9771(c); **Naranjo**, **supra**; N.T. **Gagnon II**[5] Hearing, 10/21/15, at 3. The fact that the court chose to run the sentences consecutively, which is within its discretion to do, is likewise justified where the court believed that the sentences were based on the minimum confinement consistent with the gravity of the offenses, the need for public protection, and Tartal's need for rehabilitation. **See** 42 Pa.C.S.A. § 9721(b); **see also Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa. Super. 2008) (stating that imposition of consecutive as opposed to concurrent sentences is solely within sound discretion of trial court).

Judgment of sentence affirmed.

_____

[5] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973). Although the transcript indicates that this was a **Gagnon I** hearing, it was actually a **Gagnon II** hearing where the court considered whether the circumstances warranted revocation of probation and whether Tartal had, in fact, acted in violation of one or more conditions of his probation. At that hearing, the court noted that it had already taken judicial notice of Tartal's plea and sentence at CR-298-2015, the offense triggering the revocation of his probation. **See Gagnon** Order, 2/18/15.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2016