J-S66042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JIMMY RASHEEN HARRIS | |
| Appellant | No. 1708 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001676-2014
CP-41-CR-0001677-2014

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 07, 2016**

Jimmy Rasheen Harris ("Appellant") appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas following the revocation of his probation.  We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> On September 25, 2014, after a court hearing in another matter, Appellant fled instead of entering a vehicle that would return him to his juvenile placement at Camp Adams.  Appellant remained at large for several days.
>
> On September 29, 2014, Appellant took the Holiday Inn shuttle van.  The hotel reported the van stolen.  A couple of hours later, a Penn College police officer observed Appellant driving the vehicle in the area of Memorial Avenue and Fifth Avenue in Williamsport.  The officer activated his lights and sirens, but Appellant failed to stop.  Rather, he drove the van at a high rate of speed through

several neighborhoods where vehicle and pedestrian traffic was heavy. Eventually, Appellant lost control of the vehicle and struck several trees. The police removed Appellant from the heavily damaged van and took him into custody.

The charges that were filed against Appellant were initially brought via petitions for delinquency in juvenile court but transferred to adult criminal court. Under Information 1676-2014, Appellant was charged with theft by unlawful taking,[1] a felony of the third degree; receiving stolen property,[2] a felony of the third degree; unauthorized use of a motor vehicle,[3] a misdemeanor of the second degree; fleeing or attempting to elude a police officer,[4] a felony of the third degree; recklessly endangering another person [("REAP")],[5] a misdemeanor of the second degree; and various summary traffic offenses.[6] Under Information 1677-2014, Appellant was charged with escape,[7] which was initially graded as a felony of the third degree, but upon motion of the Commonwealth it was reduced to a misdemeanor of the second degree.

On March 25, 2015, Appellant entered an open guilty plea to theft by unlawful taking, receiving stolen property, unauthorized use of a motor vehicle, fleeing or attempting to elude a police officer[, REAP] and escape.

_____

[1] 18 Pa.C.S. § 3921(a).

[2] 18 Pa.C.S. § 3925.

[3] 18 Pa.C.S. § 3928.

[4] 75 Pa.C.S. § 3733.

[5] 18 Pa.C.S. § 2705.

[6] 75 Pa.C.S. §§ 1501, 3736, 3323.

[7] 18 Pa.C.S. § 5121(a).

- 2 -

On May 28, 2015, over the vehement arguments of the Commonwealth for a sentence of state incarceration, the court sentenced Appellant to an aggregate term of 11 to 23 months of incarceration at the Lycoming County Prison followed by five years of probation under the supervision of the Lycoming County Adult Probation office.[1] The court gave Appellant credit for time served from October 23, [2014] through May 27, 2015. The court also imposed multiple special conditions of supervision, including but not limited to successful completion of the Re-entry Services Program.

> [1] This sentence consisted of 5 to 10 months for fleeing or attempting to elude a police officer, 1 to 2 months for [REAP], 2 years of probation for escape and a split sentence of 5 to 11 months followed by 3 years of probation for theft by unlawful taking.

Appellant was paroled on June 8, 2015. He failed to appear for the Re-entry Services Program for several consecutive days during the week of June 14, [2015,] and he was discharged from the program. He also failed to report to his adult probation officer. As a result, on June 24, [2015], the court issued a bench warrant for Appellant's arrest for absconding from supervision.

Appellant was arrested on the bench warrant on or about July 14, 2015. A parole violation hearing was held on July 28, 2015, and Appellant was given a 6-month setback with work release/work crew eligibility. Appellant remained at the Lycoming County Prison from July 28, 2015 to mid-August when he was moved to the Pre-Release Center (PRC).

On September 10, 2015, Appellant escaped from PRC. He walked out of a basement door and kept on going. Shortly thereafter, officials at the PRC realized that Appellant was missing. Numerous law enforcement agencies began searching for Appellant. They searched the woods near PRC and went to his mother's residence. Law enforcement officials apprehended Appellant in the upstairs of his mother's residence, where it was obvious Appellant had been smoking marijuana.

On September 16, 2015, the court held a probation violation hearing. The court found that Appellant violated his probation by escaping from PRC and smoking marijuana. The court revoked Appellant's probation and imposed an aggregate sentence of 4 to 8 years of incarceration in a state correctional institution, which consisted of 3 to 6 years for theft by unlawful taking under 1676-2014 and 1 to 2 years for escape under 1677-2014.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed April 13, 2016, at 1-3.

On September 25, 2015, Appellant filed a post-sentence motion to reconsider probation violation sentence, which the court denied on September 28, 2015. On October 6, 2015, Appellant filed a notice of appeal.[8] On October 8, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and he timely complied on October 28, 2015.

Appellant raises the following issue for our review:

WHETHER THE LOWER COURT ABUSED ITS DISCRETION AT [APPELLANT'S] PROBATION REVOCATION HEARING BY IMPOSING A MANIFESTLY EXCESSIVE AND UNDULY HARSH SENTENCE[?]

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. He claims the court abused its discretion by imposing a manifestly excessive

---

[8] Appellant appeals the order of September 16, 2015, which lists both Docket Nos. 1676-2014 and 1677-2014. Although the notice of appeal only lists Docket No. 1676-2014, because he listed both docket numbers on his post-sentence motion, and because his notice of appeal states that he is appealing from the September 16, 2015 order, we will excuse this mistake as an inadvertent omission, as did the trial court.

sentence, which was outside of the guideline range, without fully considering mitigating circumstances.

"Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." **Commonwealth v. Kuykendall**, 2 A.3d 559, 563 (Pa.Super.2010) (citing **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa.Super.2006)).

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**

Instantly, Appellant preserved his issue in a post-sentence motion, filed a timely notice of appeal, and included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). **See**

Appellant's Brief at 7. Thus, we must determine whether Appellant has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

"An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (internal citations omitted). However, a bald assertion that a sentence is excessive does not, by itself, raise a substantial question for this Court's review. *Commonwealth v. Giordano*, 121 A.3d 998, 1008 (Pa.Super.2015), *appeal denied,* 131 A.3d 490 (Pa.2016).

Further, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a

substantial question." ***Commonwealth v. Berry***, 785 A.2d 994, 996-97

(Pa.Super.2001) (internal citation omitted) (emphasis in original). Similarly,

"this Court has held on numerous occasions that a claim of inadequate

consideration of mitigating factors does not raise a substantial question for

our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903

(Pa.Super.2013) (internal citation omitted).

Here, Appellant claims that his sentence is "manifestly excessive" and

that the court failed to fully consider mitigating factors upon sentencing him.

Appellant has failed to raise a substantial question for our review.[9]

Moreover, even if Appellant had raised a substantial question, his issue

is devoid of merit.

Our standard of review of an appeal from a sentence imposed

following the revocation of probation is as follows:

> Our review is limited to determining the validity of the
> probation revocation proceedings and the authority of the
> sentencing court to consider the same sentencing
> alternatives that it had at the time of the initial sentencing.
> 42 [Pa.C.S.] § 9771(b). Also, upon sentencing following a
> revocation of probation, the trial court is limited only by

_____

[9] We note that an appellant presents a substantial question "when a
sentence of total confinement, in excess of the original sentence, is imposed
as a result of a technical violation of parole or probation." ***Commonwealth
v. Sierra***, 752 A.2d 910, 913 (Pa.Super.2000). Here, Appellant did not
commit a mere technical violation of probation; he violated his probation by
escaping from PRC and smoking marijuana. Thus, the imposition of total
confinement after the revocation of Appellant's probation alone does not
raise a substantial question.

the maximum sentence that it could have imposed originally at the time of the probationary sentence.

**Commonwealth v. Simmons**, 56 A.3d 1280, 1286–87 (Pa.Super.2012), *aff'd,* 91 A.3d 102 (Pa.2014) (quoting **Commonwealth v. MacGregor***,* 912 A.2d 315, 317 (Pa.Super.2006)).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

"Sentencing guidelines do not apply to sentences imposed following a revocation of probation." **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa.Super.2006) (citation omitted). "Although the sentencing court need not explain deviation from the guidelines where they do not apply, the court is required, pursuant to Pa.R.Crim.P. 1409(C)(2) to state on the record the reasons for the sentence imposed." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 793 (Pa.Super.2001) (quoting **Commonwealth v. Philipp***,* 709 A.2d 920, 922 (Pa.Super.1998)). **See also Commonwealth v. Cartrette**, 83 A.3d 1030, 1041 (Pa.Super.2013).

Here, in its sentencing order, the court stated:

The [c]ourt cannot explain why [Appellant] continues to act the way he does.

The [c]ourt has reviewed volumes of records from his juvenile history, as well as his adult history. While [Appellant] had a miserable upbringing, [Appellant] was given numerous opportunities to make better choices. [Appellant] is certainly intelligent enough to know his choices, and capable of making better choices. The [c]ourt recommends that he be placed and classified to a State Correctional Institution which houses youthful offenders, and that he attend and complete any and all programs that might address his decision making or lack thereof.

Finally, the [c]ourt notes that it did not order a presentence report because the [c]ourt has reviewed all of the factors, and is acutely aware of [Appellant's] history and characteristics, the circumstances of the offense, [Appellant's] prior record score, and all other areas that would be covered by a presentence report.

Trial Court Order, September 16, 2015.

In sentencing Appellant, the trial court further reasoned:

Here, a sentence of state incarceration was necessary and appropriate because the conduct of Appellant indicated that he was likely to commit another crime if not imprisoned and such a sentence was essential to vindicate the authority of the court.

It was patently obvious from Appellant's history that neither probation nor a county sentence was an effective means of rehabilitating Appellant. The initial sentence was a sentence of county incarceration followed by probation. The court tried to give Appellant access to educational, vocational, behavioral and emotional support services by making him eligible for the Re-entry Services Program, but Appellant was on parole supervision for less than a week before he stopped attending the Re-entry Services Program and absconded from supervision. The court then tried to give Appellant a wake-up call without sending him to a state correctional institution when it merely gave Appellant a 6-month parole setback with work

- 9 -

release/work crew eligibility and left his probation sentences intact. Instead of taking advantage of the chance to retain his probation, however, Appellant failed to even serve his setback. Instead, he escaped from the PRC after serving only about 1½ months of his 6-month setback.

As the court noted at the probation violation hearing, Appellant had zero respect for authority or anyone else. Despite his promises in his letters to the court prior to the initial sentencing and his pleas for mercy and leniency so he could be home again, Appellant had no interest in changing his life around or cooperating in any rehabilitation efforts. He only did what he wanted to do.

Appellant was before the court at his initial sentencing, because he escaped from his juvenile placement when he fled following a court hearing and stole a vehicle a few days later. He was before the court at his parole revocation hearing, because he quit attending the Re-entry Services Program within a week of his release and he absconded from supervision. He was before the court for a probation revocation hearing, because he escaped from PRC. Since Appellant utterly failed and refused [to] comply with what he was directed to do, the court was left with no choice but to warehouse him in a secure state correctional facility. Perhaps while he is there, he will realize that he won't get paroled unless he completes his programming and he will finally take advantage of programs designed to assist in his rehabilitation. If not, he probably will not get another opportunity to comply with supervision conditions, because he likely will not be paroled.

Trial Court Pa.R.A.P. 1925(a) Opinion, at 5-6. The trial court's reasoning is sound, and it did not abuse its discretion in sentencing Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/7/2016</u>