J-S41038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID UGARTE | : | |
| | : | |
| Appellant | : | No. 51 MDA 2017 |

Appeal from the Judgment of Sentence December 7, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0002238-2004

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 26, 2017**

Appellant, David Ugarte, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following the revocation of his probation.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedurally history of this case.  Therefore, we have no need to restate them.  We add Appellant timely filed a notice of appeal on December 27, 2016.  The court ordered Appellant, on January 3, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on January 12, 2017.

Appellant raises three issues for our review:

> WHETHER THE *GAGNON* COURT VIOLATED PA.R.CRIM.P. 700 WHEN APPELLANT WAS SENTENCED ON HIS *GAGNON* VIOLATION BY THE HONORABLE MICHAEL

_____

*Retired Senior Judge assigned to the Superior Court.

BARRASSE SINCE HE ORIGINALLY PLED GUILTY BEFORE AND WAS SENTENCED BY THE HONORABLE VITO GEROULO?[1]

WHETHER THE [TRIAL] COURT FAILED TO ARTICULATE REASONS, OR SUFFICIENT REASONS, FOR THE SENTENCE IMPOSED?

WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION BY IMPOSING A HARSH AND EXCESSIVE SENTENCE WHEN IT SENTENCED [APPELLANT] TO INCARCERATION OF ONE (1) TO TWO (2) YEARS AT A STATE CORRECTIONAL FACILITY?

(Appellant's Brief at 4).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). *See also Commonwealth v. May*, 584 Pa. 640, 887 A.2d 750 (2005), *cert. denied*, 549 U.S. 832, 127 S.Ct. 58, 166 L.Ed.2d 54 (2006) (reiterating absence of specific and contemporaneous objection waives issue on appeal).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)). The statement must also specify "what fundamental norm the sentence violates and the manner in which it violates that norm." *Kiesel, supra* at 532.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's

actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. "An allegation that a judge 'failed to offer specific reasons for [a] sentence does raise a substantial question.'" **Commonwealth v. Dunphy**, 20 A.3d 1215, 1222 (Pa.Super. 2011) (quoting **Commonwealth v. Reynolds**, 835 A.2d 720, 734 (Pa.Super. 2003)).

"In every case in which the court imposes a sentence for a felony or misdemeanor…the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). "Nevertheless, a

lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006) (internal citations omitted).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa.Super. 2006). Revocation of intermediate punishment is treated similarly to revocation of probation for purposes of appellate review. *See Commonwealth v. Philipp*, 709 A.2d 920 (Pa.Super. 1998). In either case, the trial court "possesses the same sentencing alternatives that it had at the time of initial sentencing." *Id.* at 921. Following revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c).

Pa.R.Crim.P. 700 provides in relevant part as follows:

**Rule 700.  Sentencing Judge**

(A) Except as provided in paragraph (B), the judge who presided at the trial or who received the plea of guilty or

*nolo contendere* shall impose sentence unless there are extraordinary circumstances which preclude the judge's presence. In such event, another judge shall be assigned to impose sentence.

(B) A court may provide by local rule that sentence on a plea of guilty or *nolo contendere* may be imposed by a judge other than the judge who received a plea of guilty or nolo contendere. In such event, the defendant must be so notified at the time of entering the plea.

> *Comment*: Generally, the president judge makes assignment of judges. However, in one-judge judicial districts, or in instances in which the president judge is the one whose presence at sentencing is precluded, an appropriate assigning authority, such as the Supreme Court or the Court Administrator of Pennsylvania, should assign a new judge.
>
> It is always desirable that the judge who accepts a plea of guilty or *nolo contendere* should impose sentence. It is recognized, however, that the rotation practices of many courts make it difficult in many instances for the same judge to sit in both capacities. For that reason, paragraph (B) provides that a court may set up an alternate procedure by local rule. In any event, the judge who imposes the sentence should ascertain the facts concerning the plea and the offense. **See** ABA Standards on Sentencing Alternatives and Procedures Section 5.1.

Pa.R.Crim.P. 700. Generally, no rule of procedure or case law specifically prohibits a judge from assuming control over a probation case where the original sentence was imposed by another jurist; absent extraordinary circumstances, only the consent of the parties should permit such a maneuver. ***Commonwealth v. McNeal***, 120 A.3d 313, 323 (Pa.Super. 2015) (holding appellant was entitled to re-sentencing, where no

"extraordinary circumstances" supported transfer of probation revocation sentencing authority from original judge, who received appellant's guilty plea, to another judge for sentencing upon revocation of probation).

As a prefatory matter, Appellant's motion for reconsideration of sentence did not include the claims he raises on appeal; rather, it baldly asserted that the "sentence imposed [is] harsh and excessive," without further elaboration. (*See* Motion for Reconsideration of Sentence, filed 12/8/16, at 2, unpaginated.) Appellant also failed to raise at the revocation/sentencing hearing his claims regarding: (1) the court's failure to recite on the record its reason for the sentence; and (2) the excessiveness of Appellant's sentence. On this basis, Appellant's claims are arguably waived. *See Mann, supra*.

Additionally, Appellant failed to meet the minimal requirements of Rule 2119(f). The Rule 2119(f) statement in Appellant's brief merely recites authority relevant to a challenge to discretionary aspects of sentencing and Pa.R.Crim.P. 700; Appellant's statement fails to articulate what fundamental norm of sentencing was violated or to indicate how his sentence violates that norm. *See Kiesel, supra*. Because Appellant failed to include his claims in full in his post-sentence motion, and his Rule 2119(f) statement is inadequate, Appellant has waived his challenges to the discretionary aspects of his sentence. *See Mann, supra*; *Mouzon, supra*. *See also Commonwealth v. Cannon*, 954 A.2d 1222 (Pa.Super. 2008) (reiterating

inadequate Rule 2119(f) statement constitutes failure to raise substantial question as to discretionary aspects of sentence).

Moreover, even if Appellant had properly preserved his claims, he would not be entitled to relief. (*See* Trial Court Opinion, filed 3/1/17, at 6-14) (finding: **(1)** in April 2009, court revoked Appellant's original probationary term and resentenced Appellant to 24 to 60 months' incarceration, plus 2 years' special probation; same court entered judgment of sentence from which Appellant currently appeals; during 2009 revocation proceedings, Appellant did not raise Rule 700 objection at that time or appeal his sentence; upon second revocation, Appellant appeared before same jurist who sentenced Appellant in 2009; therefore, Appellant cannot now raise Rule 700 challenge to 2009 court's authority to resentence Appellant in 2016, absent objection from either party; Appellant's Rule 700 challenge to his 2009 sentence, raised seven years later, is waived;[2] **(2-3)** Appellant's challenges to discretionary aspects of sentence likewise fail; record is replete with information regarding Appellant's character and history; Appellant violated terms of his supervision when he absconded from supervision for over three years; Appellant's violation is reason for revocation and sentence; additionally, prior to sentencing, court reviewed memorandum and recommendation from Lackawanna County Adult

---

[2] We agree that Appellant's Rule 700 claim is waived as presented and that *McNeal* is procedurally distinguishable.

Probation and Parole Department; court considered circumstances of violation, length of time Appellant had absconded, and Appellant's character; court also considered that Appellant turned himself in; revocation court consulted sentencing guidelines and ultimately sentenced Appellant within guidelines; court observed circumstances of Appellant's violation, impact of Appellant's violation on safety of community, and need to deter Appellant and others from committing same violation; Appellant was aware of but disregarded terms of his supervision; Appellant's conduct indicated Appellant was unlikely to comply with terms of probation). The record supports the court's rationale. Therefore, even if Appellant had properly preserved his issues, we would affirm on the basis of the trial court opinion. ***See generally In re K.L.S.***, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm).

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY |
|---|---|---|
| v. | : | |
| DAVID UGARTE | : | 04 CR 2238 |
| | : | |

## OPINION

### BARRASSE, P.J.

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and pursuant to the request of the Superior Court. Defendant David Ugarte (herein after "Defendant") appeals this Court's December 7, 2016, Judgment of Sentence. Defendant's issues on appeal are as follows:

A. Whether the sentence[ing] court imposed an illegal sentence since the violation occurred before he began serving his probation and, therefore, did not constitute a violation of probation?

B. Whether the sentencing court abused its discretion by imposing a harsh and excessive sentence when it sentenced him to incarceration of one (1) to two (2) years for a technical violation?

C. Whether the sentencing court failed to articulate reasons or sufficient reasons for the sentence imposed?

D. Whether the Defendant should have been sentenced on his Gagnon Violation by the Honorable Michael Barrasse since he was originally sentenced by the Honorable Vito Geroulo?

Based upon the following reasons, including review of the record, the facts of the case, and the character of the Defendant, this Court's December 7, 2016, Judgment of Sentence should be affirmed.

### FACTUAL AND PROCEDURAL HISTORY

1

Under Docket Number CP-35-CR-0002238-2004, Defendant was charged with one (1) count of Possession with Intent to Deliver 35 P.S. § 780-113(a)(30), one (1) count of Possession of Controlled Substance in violation of 35 P.S. § 780-113(a)(16), one (1) count of Possession of Marijuana in violation of 35 P.S. § 780-113(a)(31), one (1) count of Possession of Drug Paraphernalia in violation of 35 P.S. § 780-113(a)(32), one (1) count of Fleeing or Attempting to Elude Officer in violation of 75 Pa C.S.A. § 3733(a), one (1) count of Fleeing – Attempting to Elude / Signals, in violation of 75 Pa. C.S.A. § 3733(b), one (1) count of Reckless Driving in violation of 75 Pa. C.S.A. § 3736(a), one (1) count of Driving With a Suspended License in violation of 75 Pa. C.S.A. § 1543(a), one (1) count of Resisting Arrest in violation of 18 Pa. C.S.A. § 5104, and one (1) count of Tampering With or Fabricating Physical Evidence in violation of 18 Pa. C.S.A. § 4910(1). These charges stemmed from an August 21, 2004, incident in which Scranton Police observed a vehicle driving without headlights, activated their sirens to conduct a traffic stop, and then pursued the vehicle when it did not pull over. **See Duffy Affidavit of Probable Cause, August 22, 2004.** While pursuing the vehicle, the Officer observed the driver toss a plastic bag of white substance out the driver side window. **Id.** Other officers retrieved the bag which contained small twist bags of a white chunky substance. **Id.** The Officer continued pursuing the vehicle and observed the driver throw more items out the driver window, including a cigarette cellophane containing suspected marijuana, a bus ticket receipt with the name "David Ugarte" and a Rite Aid receipt with the same name. Id. As the pursuit continued, the driver threw a second bag out the window which was retrieved and identified as another twist bag of white chunky substance. **Id.** The Officers were finally able to block the vehicle, but the driver refused to exit and was non-compliant with the Officers' commands. **Id.** After a brief struggle, the driver was taken into custody and identified as the Defendant David Ugarte, who was driving with a

2

suspended license and was wanted by the Pennsylvania Board of Probation and Parole. **Id.** The contraband recovered tested positive for marijuana and cocaine. **Id.**

On December 6, 2004, Defendant entered a guilty plea before the Honorable Vito P. Geroulo to one (1) count of Possession of Controlled Substance in violation of 35 P.S. § 780-113(a)(16), one (1) count of Fleeing or Attempting to Elude Officer in violation of 75 Pa C.S.A. § 3733(a), one (1) count of Reckless Driving in violation of 75 Pa. C.S.A. § 3736(a), and one (1) count of Driving With a Suspended License in violation of 75 Pa. C.S.A. §1543(a). The remaining charges were nolle prossed. On March 21, 2005, Judge Geroulo sentenced the Defendant to four (4) to twenty-three (23) months' confinement on Count 2, Possession of a Controlled Substance, and two (2) years' probation on Count 5, Fleeing or Attempting to Elude Officer, consecutive to his incarceration under Count 2.

On June 10, 2005, upon serving his minimum sentence, Defendant was paroled to his Pennsylvania Board of Probation and Parole detainer.

Thereafter, under Docket Number CP-35-CR-0002863-2008, Defendant was charged with two (2) counts of Possession with Intent to Deliver in violation of 35 P.S. § 780-113(a)(30), one (1) count of Criminal Use of Communication Facility in violation of 18 Pa C.S.A. § 7512(a), and two (2) counts of Possession of Controlled Substance in violation of 35 P.S. § 780-113(a)(16). On April 9, 2009, Defendant entered a guilty to plea to one (1) count of Possession with Intent to Deliver. This Court sentenced the Defendant to twenty-four (24) to sixty (60) months' confinement. On April 9, 2009, the Defendant also stipulated to violating the terms of his probation, and as such this Court revoked and resentenced the Defendant to two (2) years Special Probation consecutive to 08 CR 2863.

3

On March 19, 2013, Pennsylvania Board of Probation and Parole charged the Defendant with violating the terms of his parole alleging that the Defendant failed to report to the instructed facility upon his release on parole. Defendant was declared delinquent and listed as an absconder.

The Defendant remained at large with his location unknown to the parole supervision staff until he surrendered himself on September 18, 2016, at Scranton Police Headquarters.

On December 7, 2016, the Defendant stipulated to violating the terms of his Special Probation. See N.T. Hearing December 7, 2016, p. 2. Noting that the Defendant was missing since March of 2013, this Court revoked the Special Probation and sentenced the Defendant to one (1) to two (2) years' confinement in a State Correctional Institution with RRRI eligibility.

On December 8, 2016, Defendant filed a Petition for Reconsideration of Sentence in which he argued that the sentence was harsh and excessive and requested a county sentence.

This Court denied Defendant's Petition on December 12, 2016, and thereafter Defendant filed a timely appeal to the Pennsylvania Superior Court.

## DISCUSSION

### A. THIS COURT PROPERLY SENTENCED THE DEFENDANT FOR VIOLATING THE TERMS OF HIS PROBATION.

Defendant's first issue on appeal is whether the Court imposed an illegal sentence because the violation occurred before the Defendant began serving his probation, and as such, the Defendant asserts, did not constitute a violation of probation. For the following reasons, the Defendant is incorrect and this Court properly sentenced the Defendant on December 7, 2016.

The Pennsylvania Superior Court has held that a court may revoke a probationary sentence at any time prior to completion or even beginning the probationary sentence, if the defendant demonstrates to the court that he is unworthy of probation. **Commonwealth v. Wendowski, 420 A.2d 628, 630 (Pa. Super. 1980); Commonwealth v. Rose, No. 1785 MDA**

4

**2014, 2015 WL 5971193, at \*4 (Pa. Super. Ct. Aug. 25, 2015).** In <u>Commonwealth v. Wendowski</u>, the Superior Court specifically stated:

> If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not 'change his position from the possession of a privilege to the enjoyment of a right.' "

<u>Id.</u>, **420 A.2d 628, 630 (Pa. Super. 1980), quoting** <u>James v. U.S.</u>, **140 F.2d 392, 394 (5th Cir. 1944). See also** <u>Commonwealth v. Allshouse</u>, **33 A.3d 31, 39 (Pa. Super. 2011).**

As such, a court must consider the defendant's actions prior to probation in determining the defendant is worthy of his probationary sentence. **Wendowski, 420 A.2d at 630.** In **Wendowski**, the defendant committed additional offenses prior to beginning his probationary term; the Superior Court found that the trial court had properly revoked the probation sentence prior to its start because of these new offenses. **Id.**

Here, the Defendant stipulated that he violated the terms of his supervision, specifically the reporting and residence approval requirements. More importantly, this Court looked at how the Defendant violated those terms of supervision. On March 11, 2013, Defendant was released on parole prior to serving his maximum sentence. Defendant was specifically paroled to the Gaudenzia – Siena House, however, the Defendant never reported to the facility as instructed. The Defendant was then out of contact with supervision staff, declared delinquent, and had a warrant issued as an absconder for over three (3) years before he turned himself in to Scranton Police Headquarters. This Court finds that absconding from supervision demonstrates contempt for the authority of the court and an unworthiness of the less restrictive supervisory punishment of probation. Defendant's conduct on his initial release on supervision demonstrates to this Court

5

that he is clearly unworthy of probation. Additionally, this Court notes that this is the Defendant's second violation while under supervision.

As such, this Court had sufficient reason to revoke the Defendant's probation prior to its commencement. The Defendant was missing for over three years and stipulated to the violation. Defendant demonstrated his unworthiness for probation. As discussed below, upon revocation the sentencing court possesses the same sentencing options it had prior to imposing the probation sentence. As such, because it was within this Court's authority to revoke the Defendant's probationary sentence, and within this Court's discretion to impose a sentence of confinement, the sentence imposed on December 7, 2016, was a lawfully imposed sentence.

## B. THIS COURT PROPERLY IMPOSED A SENTENCE OF INCARCERATION UPON THE DEFENDANT, AS IT WAS WITHIN ITS DISCRETION.

### AND

## C. THIS COURT STATED SUFFICIENT REASONS ON THE RECORD FOR IMPOSING SENTENCE AFTER A VIOLATION OF PROBATION.

Initially, this Court notes that no automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. **Commonwealth v. Rossetti, 863 A.2d 1185, 1193-1194 (Pa. Super. 2004) (citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa. Super.2001) (citations omitted)).**

Before reaching the merits of a discretionary sentencing issue, a court must ascertain whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that the sentence appealed from is not appropriate under the

6

Sentencing Code. **Commonwealth v. Mastromarino, 2 A.3d 581, 588 (Pa. Super. 2010), cert. denied, 609 Pa. 685.**

A court evaluates whether a particular issue raises a substantial question on a case-by-case basis. **Commonwealth v. Rossetti, 863 A.2d 1185, 1194 (Pa. Super. 2004).** "[The court] will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Brown, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).** The Pennsylvania Supreme Court has held that a claim regarding a sentence being excessive which is within the statutory limits can raise a substantial question, if the Appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon, 812 A.2d 617, 627-28 (Pa. 2002).** However, the Pennsylvania Superior Court does not accept bald allegations of excessiveness. **Commonwealth v. Reynolds, 835 A.2d 720, 733 (Pa. Super. 2003).**

This Court believes that no substantial question exists to Defendant's sentence as the sentence imposed was within the guidelines and otherwise conformed to sentencing norms, and was appropriate under the facts and circumstances of the case.

Even assuming Defendant's sentence is an appealable issue, this Court believes the sentence was appropriate and should be affirmed. Although presented separately, Defendant's complaints on appeal challenge discretionary aspects of sentencing and follow the same analysis. The standard of review is as follows:

7

It is well-established law that the sentencing function is a matter vested within the sound discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. See **Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007).** "[A]n abuse of discretion is more than a mere error of judgment. ... [A] sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (quotations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id., quoting Grady v. Frito–Lay, Inc., 839 A.2d 1038, 1046 (2003).** The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

**Walls, 926 A.2d at 961-62 (citations omitted).** Furthermore, a sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victims and on the community, and the rehabilitative needs of the defendant." **42 Pa.C.S. § 9721(b).** A sentencing court may determine a defendant's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. **Commonwealth v. Begley, 780 A.2d 605, 644 (Pa. 2001); Commonwealth v. Constantine, 478 A.2d 39 (Pa. Super. 1984); Commonwealth v. Gallagher, 442 A.2d**

8

**820 (Pa. Super. 1982).** Moreover, facts regarding the nature and circumstances of the offense that are not necessarily elements of the convicted offense, are proper facts to consider in deciding to sentence in the mitigated range or the aggravated minimum range. **Commonwealth v. Chilquist, 548 A.2d 272 (Pa. Super. 1988). See also, Commonwealth v. Darden, 531 A.2d 1144, 1149 (Pa. Super. 1987)** ("... facts regarding the nature and circumstances of the offense, which are not necessary elements of the offense for which appellant has been convicted, are also proper factors to consider in deciding whether to sentence in the mitigated minimum range, the aggravated minimum range, or outside the guidelines."). Additionally, trial courts are permitted to use prior conviction history and other facts already included in the guidelines, if they supplement other extraneous sentencing information. **Commonwealth v. Simpson, 829 A.2d 334, 339 (Pa. Super. 2003).**

It is also important to note that the decision to impose concurrent or consecutive sentences rests within the discretion of the sentencing court. **Commonwealth v. Johnson, 961 A.2d 877, 880 (Pa. Super. 2008) (citing Commonwealth v. Lloyd, 878 A.2d 867, 873 (Pa. Super. 2005). See also, Commonwealth v. Hoag, 665 A.2d 1212 (Pa. Super. 1995)**(stating an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently).

Further, if a presentence investigative report exists, Pennsylvania Courts shall presume that the sentencing court "was aware of relevant information concerning the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." **Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988).** The **Devers** court further articulated that "it would be foolish, indeed, to take the position that if a court is in

9

possession of the facts, it will fail to apply them to the case at hand." **Id**. See

**Commonwealth v. Boyer**, 856 A.2d 149 (Pa. Super. 2004); **Commonwealth v. Burns**, 765 A.2d 1144 (Pa. Super. 2000).

Moreover, upon revocation of probation, a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing. **42 Pa.C.S.A. § 9771(b); Commonwealth v. Byrd**, 663 A.2d 229, 231 (1995). Sentencing following a revocation of probation is within the discretion of the trial court and will only be disturbed on appeal absent an abuse of discretion. **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000) (quoting **Commonwealth v. Smith**, 669 A.2d 1008, 1011 (Pa. Super. 1996)). See also, **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa. Super. 2001). Appellate review is limited to reviewing the revocation proceedings and the authority of the sentencing court to consider the sentencing alternatives available to it at the time of the original sentencing. **42 Pa.C.S.A. § 9771(b)**. See also **Commonwealth v. Gheen**, 688 A.2d 1206, 1207 (Pa. Super. 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Moreover, upon sentencing following a revocation of probation, the sentencing court is only limited by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa.Super. 2000) (citing **Gheen**, 688 A.2d at 1207–08). Finally, under Pennsylvania law, once probation is revoked, a court may impose a sentence of total confinement upon any of the following conditions:

(1) the defendant has been convicted of another crime; or
(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,
(3) such a sentence is essential to vindicate the authority of court.

**Id.** citing 42 Pa.C.S.A. § 9771(c).

10

In the present case, prior to imposing sentence, this Court had the benefit of a memorandum and recommendations from the Lackawanna County Adult Probation and Parole Department, which was reviewed in its entirety. Upon review, this Court considered the particular circumstances of the offenses, specifically the length of time the Defendant had absconded, as well as the character of the Defendant. The Court also considered the mitigating factor that Defendant did turn himself in eventually. **N.T. Sentencing December 7, 2016, at p. 3.** In imposing Defendant's sentence, this Court first took into consideration the sentencing guidelines. Defendant was sentenced within the guidelines for the offenses committed, as stated above, and the Court had the same alternatives at its disposal. This Court then considered the particular circumstances of the violation, the impact on the community, and the need to deter Defendant and others from committing this type of offense, and the protection of the community at large. Here, the Defendant absconded for over three years after being paroled but prior to completing his maximum sentence or subsequent consecutive term of probation. The Defendant was aware of and acknowledged the terms of his supervision, yet disregarded those directives. This Court found that if the Defendant could not meet the requirements of parole supervision, the Defendant was highly unlikely to follow the terms of probation.

Moreover, the record contains sufficient reasons for the sentence imposed. Although Pennsylvania law requires sentencing courts to state on the record the reason for the sentence imposed, this Court satisfied the requirement.

Pennsylvania Rules of Criminal Procedure require that upon sentencing for a violation of probation, parole, or intermediate punishment, the court must state on the record the reason for the sentence imposed. **Pa. R. Crim. P. 708(c)(2).** However, it does not require that the explanation be lengthy and "a discourse on the court's sentencing philosophy... is not required."

11

<u>Commonwealth v. Simpson</u>, **829 A.2d 334, 338 (2003)(quoting <u>Commonwealth v. Hill</u>, 629 A.2d 949, 953 (1993)).** The purpose behind this requirement is to provide the defendant with a procedural method to rebut the court's explanation during the sentencing proceeding and "to identify and frame substantive claims for post-sentence motions or appeal." <u>**Commonwealth v. Reaves**</u>, **923 A.2d 1119, 1129 (Pa. 2007).** Further, the Pennsylvania Supreme Court has noted:

> VOP proceedings are often short and to the point. A convicted defendant released into the community under such control of the sentencing judge, who violates the terms of his release and thereby betrays the judge's trust, is rarely in a strong position. Unless the defendant's lapses are explainable, or there has been some mistake of fact, the question of whether release will be terminated, and if so, the length of incarceration, rests peculiarly within the discretion of the VOP judge. In instances where parole is revoked, the reason for the revocation and sentence are usually obvious, and there is not much more that the judge would need to say.

*Id.* **at 154, fn. 12.**

As such, this Court satisfied the requirement. This Court was informed of both the sentencing guidelines and a Memoranda and Recommendations of the Lackawanna County Adult Probation and Parole Department. Moreover, this Court had the opportunity to observe the Defendant when it presided over his new charges under CP-35-CR-0002863-2008 and first Gagnon violation under the instant matter. In addition to this Court's observations, the record is replete with information regarding the Appellant's character and history. Furthermore, as stated on the record, the Defendant absconded from supervision for a lengthy period of time – over three years. This violation is clearly the reason for the revocation and sentence. The Defendant's conduct demonstrated that he was unworthy of probation through the Defendant's disrespect for this Court's authority and the requirements of supervisory punishment for the Defendant's conduct. Thus a sentence of confinement was necessary to punish the Defendant for his conduct, deter the Defendant and others from similar future conduct, and vindicate the authority of this Court.

12

Therefore, this Court adequately stated the reasons for the sentence imposed, thus this Court's December 7, 2016, Judgment of Sentence should be affirmed.

## D. THIS COURT PROPERLY SENTENCED THE DEFENDANT ON HIS GAGNON VIOLATION, EVEN THOUGH DEFENDANT WAS ORIGINALLY SENTENCED BY THE HONORABLE VITO P. GEROULO.

In Defendant's final issue on appeal, he argues that this Court should not have sentenced him on his Gagnon Violation because he was originally sentenced by the Honorable Vito P. Geroulo. This Court finds Defendant's argument to have been waived or otherwise lack merit.

Initially, this Court notes that the probationary sentence that this Court revoked and resentenced in this case was, in fact, imposed by this Court. Defendant's first violation occurred when Defendant plead guilty to new charges under Docket Number CP-35-CR-0002863-2008 before this Court. Jurisdiction over the Defendant's first violation was transferred to this Court for sentencing purposes and this Court imposed sentence on both 08 CR 2863 and for the violation under 04 CR 2238. As discussed above, on April 9, 2009, Defendant entered a guilty to plea to one (1) count of Possession with Intent to Deliver. This Court sentenced the Defendant to twenty-four (24) to sixty (60) months' confinement. On April 9, 2009, the Defendant also stipulated to violating the terms of his probation, and as such this Court revoked and resentenced the Defendant to two (2) years Special Probation consecutive to 08 CR 2863. As such, the violation in this case was of the two (2) year Special Probation sentence imposed by this Court on April 9, 2009.

Under Pennsylvania Rule of Criminal Procedure 700, the judge who presided over the trial or accepted the guilty plea shall impose sentence, unless extraordinary circumstances that prevent the judge from providing or the parties consent, or local procedure direct otherwise. **See Pa. R. Crim. P. 700. See also, Commonwealth v. McNeal, 120 A.3d 313, 323 (Pa. Super. 2015)** (although no rule of procedure or case law permits or prohibits a judge from assuming

13

control over a probation case supervised by another judge, the original judge is best equipped to assess the defendant to impose sentence).

However, here, this Court sentenced the Defendant on his new charges and first violation in 2009. The record does not reflect that Defendant filed an objection, like the Defendant in **McNeal**, or an appeal from that sentence. As such, these matters under the jurisdiction of this Court without objection from either party. The Defendant's objection, seven years later, has been waived.

As such, this Court properly revoked and resentenced the Defendant on the sentence imposed by this Court on April 9, 2009.

## CONCLUSION

Accordingly, the sentence imposed by this Court was appropriate given the facts and circumstances of this case. Therefore, this Court's December 7, 2016, Judgment of Sentence should be affirmed.

BY THE COURT:

_____, P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Lackawanna County District Attorney's Office
200 N. Washington Avenue
Scranton, PA 18503

Donna M. DeVita, Esq.
Lackawanna County Public Defender's Office
200 N. Washington Avenue
Scranton, PA 18503

14